IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER ZAMORA, #53704-177, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-233-L** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# ORDER

On January 30, 2020, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation ("Report") (Doc. 3), recommending that the court dismiss this action for lack of subject matter jurisdiction. Specifically, she determined that Movant Roger Zamora's ("Movant") Motion for Extension of Time to File the Initial 2255 Motion (Doc. 1), seeking a 30-day extension of the one-year deadline to file a motion to vacate his sentence under 28 U.S.C. § 2255, did not present a justiciable case or controversy, as "Section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations." Report 3 (citing 28 U.S.C. § 2255(f)).[1] Magistrate Judge Ramirez also noted that Movant had not filed a substantive Section 2255 motion, and that "a ruling on the motion for an extension of time will require an advance determination of whether the motion will be time-barred, and whether equitable tolling is applicable." *Id*. Thus, she determined that the court "lack[s] jurisdiction to consider the timeliness of [Movant's] § 2255 motion until it is actually filed." *Id*. (citing *United*

---

[1] Movant pleaded guilty to a Racketeer Influenced and Corrupt Organization (RICO) conspiracy in violation of 18 U.S.C. § 1962(d) on March 20, 2018. On January 16, 2019, the court accepted his plea and entered judgment, sentencing him to a term of 96 months' imprisonment. He did not appeal his conviction or sentence. Notwithstanding exceptional circumstances, which Movant does not assert here, his deadline for filing a Section 2255 motion was January 16, 2020. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final.").

Order – Page 1

*States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (additional citations omitted)).  As Movant has not filed a substantive Section 2255 motion,  Magistrate Judge Ramirez recommends that the court dismiss this action for lack of jurisdiction, unless within the fourteen-day period for filing objections to the Report, Movant files a Section 2255 motion.  No objections to the Report were filed.

On February 19, 2020, however, Movant filed another Motion for Extension of Time to File the Initial 2255 Motion ("Second Motion") (Doc. 4), requesting a 60-day extension to file his initial Section 2255 motion.  He did not make any objections to the Report or assert that the Magistrate Judge erred as a matter of law in her findings and conclusions.  Instead, he reasserts that an extension is needed because (1) he needs more time to acquire documents and conduct legal research; (2) he was never informed about the deadline to file his initial Section 2255 motion; and (3) he is a pro se individual with English as a second language.  He fails, however, to file a substantive Section 2255 motion for the court's consideration, as instructed in the Report.

Accordingly, having reviewed the pleadings, file, record in this action, and Report, the court agrees with the findings and conclusions of the Magistrate Judge, and **accepts** them as those of the court.  The court, therefore, **denies**, Movant's first Motion for Extension of Time to File the Initial 2255 Motion (Doc. 1).  For the same reasons addressed in the Report and accepted herein by the court,  the court also **denies** Movant's second Motion for Extension of Time to File the Initial 2255 Motion (Doc. 4), and **dismisses without prejudice** this action for lack of jurisdiction.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2]  The court determines that Movant has failed to

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 26th day of May, 2020.

Sam A. Lindsay
United States District Judge

---

(a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 3